744

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of and Rehabilitate the LAWYERS MORTGAGE COMPANY.

In the Matter of the Petition of SIMON BORG & COMPANY and Others, on Behalf of Themselves and Other Holders of Certificates in the Premises Known as 1399–1413 Madison Avenue, Guaranteed by Lawyers Mortgage Company.*

Supreme Court, New York County, May 23, 1934.

---

* Affd., 242 App. Div. 617.

*Mack, McCauley & Spiegelberg* [*George A. Spiegelberg* of counsel], for the petitioner.

*Cabell, Ignatius & Lown* [*Milton B. Ignatius, James M. Lown, M. H. Blinken* and *Joseph S. Catalano* of counsel], for the Superintendent of Insurance, as rehabilitator of the Lawyers Mortgage Company.

FRANKENTHALER, J.   Each outstanding certificate of the issue here involved contains a provision " that the share or interest represented by this certificate is not subordinate to any other shares in said bond and mortgage and is not subject to any prior interest therein," and also that " the company for its own corporate account may acquire and hold similar shares or interest in said bond and mortgage."

Unless these provisions were intended to place all the outstanding certificates on the same footing, even when held by the guaranty company, they are superfluous and meaningless. It is true that the certificate contains a provision that " any excess of interest collected by the company on said bond and mortgage above the rate guaranteed by the company as provided in the certificate, shall belong to the company, which shall likewise have the right to retain out of the proceeds of the collection of said bond and mortgage so much as may remain after paying whatever may be due to the assured on principal and interest on this certificate." When the certificate is read as a whole, however, it seems fairly clear that this provision was not intended to cover the rights of the company *as owner of certificates,* but merely its rights irrespective of its ownership of any certificates.

For the reasons indicated the court is of the opinion that certificates held by the guaranty company were entitled to share equally with certificates of the same issue owned by others. In so far as the petitioners seek an order directing the company to pay over moneys which the latter paid to itself as interest on the certificates held by it, the motion must be denied. The same is true of that branch of the motion which seeks a declaration that the interest of the company in the bond and mortgage is subordinate to the interest therein of the petitioners and others similarly situated.

That phase of the application which relates to moneys used by the company to reimburse itself for advances made to certificate holders on account of its guaranty, at a time when taxes were in default, and/or the company was in default on its guaranty, is governed by the views expressed by this court in *Matter of City*

*Bank Farmers Trust Company* (149 Misc. 498)\* and *Matter of City Bank Farmers Trust Company* (151 id. 701).

The motion is accordingly granted only to the extent of appointing a referee to take proof and report with his opinion with all convenient speed, (a) as to the amount which the company or the rehabilitator paid to itself or himself from the current income of the mortgaged property while taxes or guaranteed principal and/or interest were in default; (b) as to what part of the payments thus made is segregated or capable of being specifically traced and identified, and (c) as to the amount which the Superintendent is entitled to deduct for expenses of administration applicable to the mortgage in which the petitioners own certificates. The final disposition of the motion, except to the extent that it relates to the question of subordination discussed in the first part of this memorandum, will be held in abeyance pending the coming in of the referee's report. Settle order.