In the Matter of the NEW YORK TITLE AND MORTGAGE COMPANY (Series FW-1).

Supreme Court, New York County, November 13, 1935.

*Harry Rodwin* [*Jess H. Rosenberg, Irving H. Jurow* and *Joseph Lapidus* of counsel], for the Superintendent of Insurance, as rehabilitator of the New York Title and Mortgage Company.

*Benjamin J. Rabin* [*M. Edward Bernstein, Joseph J. Corn, Jr.,* and *Nathan L. Samuelson* of counsel], for the Mortgage Commission of the State of New York.

*Leonard Klaber*, for the certificate holders.

FRANKENTHALER, J. The depository for the collateral. underlying series FW-1 certificates issued by the New York Title and Mortgage Company holds mortgages and cash aggregating $570,000. Against this there is outstanding a total of $555,217 in certificates, one of which for $8,000 is in the name of New York Title and Mortgage Company. The difference between the amount of the collateral and the amount of the certificates represents the presently unissued portion of the series.

On a motion made by the Superintendent of Insurance for a determination of the rights and priorities, if any, of various certificate holders and the title company in the cash. portion of the collateral, amounting to $36,000, this court held, *inter alia*, that (*Matter of New York Title & Mortgage Co.*, 155 Misc. 651, 652) " the certificates held by the title company are entitled to share *pro rata* with those held by other certificate holders (*Matter of Lawyers Mortgage Co.*, 151 Misc. 744; affd., 242 App. Div. 617; Id. 629; leave to appeal denied by the Court of Appeals, 265 N. Y. 508), but that the title company is not entitled to share *pro rata* as to any sums which are not represented by uncancelled certificates held by it." The Superintendent, on the present motion, seeks a reconsideration of the determination that the title company is not entitled to share *pro rata* as to any sums not represented by uncanceled certificates held by it. He urges that no distinction should be made between certificates issued to the title company and that portion of the series for which no certificates are outstanding.

The respective rights of the title company and the certificate holders must be determined in each instance in accordance with the provisions of the contract between them, *i. e.*, the certificates and the depositary agreement referred to therein. The present proceeding involves a group issue as distinguished from a series of certificates issued as participations in a single mortgage. The Court of Appeals has held, in construing a similarly worded certificate, that " the guaranty company is a primary debtor, assigning the mortgages only as collateral security for the debt." (*Matter of People [Tit. & Mtge. Guar. Co.]*, 264 N. Y. 69, 88.) The certificate holders are, accordingly, secured creditors of the title company, and, as such, may not be required to surrender any part of their collateral until they have been paid in full. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92, 95.) In the absence of an affirmative provision to the contrary, the title company has no right to any part of the collateral until the certificate holders have been paid in full, and then only to any surplus collateral which may still remain.

The series FW-1 certificates provide that the title company may become the holder or pledgee of one or more certificates issued under

the terms of the deposit agreement and that all certificates issued shall be equal and co-ordinate in lien. For that reason I hold, as I did in the similar situation involved in *Matter of Lawyers Mtge. Co.* (151 Misc. 744) that the certificate held by the title company is entitled to share *pro rata* in the security.

However, there is no similar provision either in the certificates or in the depositary agreement with reference to any unissued or unsold portion of the issue or as to canceled certificates. Although the depositary agreement does state that the title company intends to dispose of co-ordinate shares in the aggregate principal sum of the deposited collateral, it also states that the company intends to issue certificates as evidence of such share ownership. The certificates are made co-ordinate in lien with each other, but not with the debtor's equity in the security.

To the argument that, as a practical matter, the unsold or unissued portion of the series (or the amount represented by a canceled certificate) is no different from a certificate issued in the title company's name, the answer is that the contract between the parties made such a difference by expressly excepting the latter, but not the former, from the general rule governing the rights of a debtor and its secured creditor.

The motion for reargument is granted, but the original disposition is adhered to. Settle order.