In the Matter of LAWYERS MORTGAGE COMPANY (545 West End Avenue — Manhattan).

Supreme Court, New York County, January 8, 1936.

*Benjamin J. Rabin* [*John Windsor* of counsel], for the State Mortgage Commission.

*Ralph B. Romaine* [*E. G. Bill* of counsel], for the State Superintendent of Insurance, as rehabilitator of Lawyers Mortgage Company.

*Smith, Chambers & Clare* [*Frank W. Chambers* of counsel], for the Trustees of the Theological Seminary of the Presbyterian Church in the United States of America located at Princeton, New Jersey, etc., and promulgating certificate holders.

FRANKENTHALER, J. This is a Schackno Act proceeding for the reorganization of the rights of holders of certificates in a mortgage on the premises at 545 West End avenue, borough of Manhattan, New York city, which were issued and guaranteed by the Lawyers Mortgage Company. The principal amount of the mortgage is $890,000, of which $875,900.38 is held by ninety-eight certificate holders. The property has been foreclosed.

The proposed plan provides for the selection of a trustee who shall take over the property and any other collateral for this issue of certificates and manage the same for the benefit of all of the certificate holders. Counsel for some of the certificate holders have sought to have the plan amended so as to provide for two trustees instead of one, but the court sees no necessity for more than one trustee and, furthermore, believes it inadvisable and impracticable to have an even number of trustees.

The committee of certificate holders which has promulgated the plan represents more than half, in principal amount, of the outstanding certificates. The certificate holders represented by the committee are composed of two groups. Counsel for one group has stated that if there is to be only one trustee " we would prefer a trustee selected by the court." Counsel for the other group, in a memorandum submitted to the court, states that he favors the appointment of the trustee by the court. As more than half of the certificate holders desire the court to appoint the trustee, the plan will be modified accordingly. In other respects the plan is to follow that approved by the court in series BX-17. (Not reported.)

The rehabilitator has raised the question of the nature of the respective interests of the certificate holders and of the Lawyers Mortgage Company in this mortgage and the property which it covers. I have already pointed out (*Matter of New York Title & Mortgage Co.* [*Series FW-1*], 157 Misc. 271; see, also, *Matter of Lawyers Title & Guar. Co.* [*236 West 70th St.*], Id. 516) that the rights of the mortgage company and the certificate holders must be determined in accordance with the terms of the agreement between them. In the instant case this agreement is embodied in the certificate issued by the mortgage company to the investors in this mortgage. Each certificate reads: " Lawyers Mortgage Company (hereinafter termed ' The Company ' ) in consideration of the sum of　　　Dollars, receipt of which is hereby acknowledged, has assigned and transferred and by these presents does assign and transfer unto　　　hereinafter termed ' The Assured,' an undivided share or interest to the extent of said principal sum in a certain Bond of The Omaha Realty Company

Inc., * * * and Mortgage securing said Bond made by The Omaha Realty Company Inc. to Lawyers Mortgage Company recorded," etc.

The certificate holders are, accordingly, assignees of undivided shares in the bond made by the debtor, The Omaha Realty Company, Inc., and the mortgage is the security for this debt or bond. The situation thus presented is one where part only of a debt has been assigned to the certificate holders, and the assignor, the company, has retained the other part for itself. There is considerable authority that in such a case, unless there is clear evidence of a contrary intention, the shares assigned have priority over the part of the mortgage which the assignor retained. (*Fullerton* v. *National B. & T. Ins. Co.*, 100 N. Y. 76, 80; 3 Pom. Eq. Juris. § 1203; 50 A. L. R. 564.) In the instant case there is no affirmative evidence of an intent that the shares retained shall share *pro rata* with those assigned. Unlike the certificates involved in *Matter of Lawyers Mortgage Co.* (151 Misc. 744), these certificates do not contain a provision that the interest in the mortgage retained by the title company is " not subordinate to any other shares in said bond and mortgage and is not subject to any prior interest therein."

It is unnecessary, however, to rest the decision here upon the principle laid down in the authorities previously cited, for ample evidence exists of an intention to confer upon the shares assigned priority over those retained. The assignments were accompanied by the assignor's guaranty of payment, and each certificate provided that the company " shall * * * have the right to retain, out of the proceeds of collection of said bond and mortgage, *so much as may remain after paying whatever may be due to the Assured* (the certificate holder) *of principal and interest on this certificate.*" (Italics the court's.) It follows that the interest of the company is subordinate to the interests of its assignees, the certificate holders.

Settle order and plan on three day's notice in accordance with the foregoing.