In the Matter of the Rehabilitation of NEW YORK TITLE AND
MORTGAGE COMPANY (Series N-9, 310 West 85th Street).

Supreme Court, Additional Special Term, New York County,
March 12, 1936; June 2, 1936.

*Albert W. Fribourg,* for the motion.

*William A. Shea,* for the Superintendent of Insurance of the State
of New York, as liquidator of New York Title and Mortgage
Company, opposed.

FRANKENTHALER, J. The certificates of this issue provide that
" there shall be no preference or priority in favor of any *share*
or certificate of interest in the said bond and mortgage, as against
any other *share* or certificate of interest, *whether held by the company
or by any other holder;* but each *share* shall participate equally with
every other *share* in the said bond and mortgage and in the pro-
ceeds thereof, in accordance with the terms of this certificate."
(Italics the court's.)

This language places shares which are not represented by certifi-
cates on a parity with those which are. As the court pointed out

in *Matter of New York Title & Mortgage Co. (Series FW-1)* (157 Misc. 271, at p. 272), " the respective rights of the title company and the certificate holders must be determined in each instance in accordance with the provisions of the contract between them." In *Matter of Lawyers Mortgage Co.* (151 Misc. 744; affd., 242 App. Div. 617) *certificates* owned by the title company were held, in view of the express provisions of the certificates, to be on a par with those belonging to others. Here, the wording of the certificates is broad enough to give the same rights to shares not represented by certificates as to those that are.

A superficial reading of the certificates may lead to the conclusion that subdivision (b) of paragraph 2 confines the company's right in the mortgage to such part thereof as may remain after paying off all principal and interest owing on certificates. This construction would, however, render meaningless the repeated reference to the word " share " in the language previously quoted. The language of subdivision (b) should not be construed in a manner which would nullify another provision of the certificate unless the provisions cannot be reconciled. In the court's opinion they are not necessarily inconsistent. The purpose of subdivision (b) was apparently to give the title company the right to retain any balance which might remain after all certificates and shares had been fully paid, *e. g.*, in the event of a surplus after payment of the entire mortgage and interest. Such a surplus might exist if the mortgage was foreclosed and the property sold. Moreover, there is nothing in subdivision (b) to indicate that the right therein conferred upon the company to retain any surplus after payment of certificates is a *limitation or restriction* upon the rights conferred upon it by the language above quoted.

It follows that the present motion, which is based upon the theory that the undivided interest in the mortgage retained by the title company and not represented by outstanding certificates is subordinate to the interests of the certificate holders, must be denied. Settle order.

### On Reargument.

On this motion for reargument the petitioner urges that the word " share " in subdivision (e) of the certificates was used synonymously with the word " certificate " and that " the title company intended the word ' share ' to apply to certificates and not to unsold interests retained by the company." After careful consideration the court has come to the conclusion that there is considerable merit in this contention. After stating that " there shall be no preference or priority in favor of any share or certificate of interest in the said bond and mortgage, as against any other share or cer-

tificate of interest, whether held by the Company or by any other holder," subdivision (e) continues as follows: " But each *share* shall participate equally with every other *share* in said bond and mortgage and in the proceeds thereof, in accordance with the terms of this certificate." (Italics the court's.) The use of the word " share " in the two italicized instances, without the addition of the words " or certificate of interest," employed in the earlier portion of subdivision (e), tends to indicate that the words " share " and " certificate of interest " were intended to be synonymous. If the word " share " were meant to designate an uncertificated portion of the bond and mortgage, it would be difficult to explain the failure to include " certificates " in the provision for equal participation in the bond and mortgage and in the proceeds thereof. The view that the word " share " was used synonymously with the word " certificate " receives additional confirmation by reason of the provision in subdivision (b) that " whenever the principal sum secured by said bond and mortgage shall become due for any cause, the Company shall have the right  *  *  *  to collect said mortgage, and out of the proceeds of such collection *to retain so much as may remain after paying to the assured whatever may be due to the assured of principal and interest on this Certificate.*" (Italics the court's.)

This language appears to subordinate the uncertificated to the certificated portion of the bond and mortgage and to be inconsistent with the interpretation of subdivision (e) which would give the word " share " a meaning separate and distinct from that ascribed to the word " certificate." If it were entirely clear that the word " share " in subdivision (e) was used to designate an uncertificated portion of the bond and mortgage, the apparently inconsistent provisions might be reconciled. It was on this theory that the motion was originally decided. In view, however, of the doubtful meaning of the word " share " as employed in subdivision (e), the court sees no reason for attempting such a reconciliation. The certificates were prepared by the guaranty company, and any doubts or ambiguities must be resolved against it. If the intention was to place the uncertificated portion of the mortgage on a parity with the certificated portion, appropriate language could have been used to express that intent clearly and unequivocally.

For the reasons indicated the motion is granted and the undivided interest in the mortgage retained by the guaranty company and not represented by outstanding certificates is held to be subordinate to the claims of the certificate holders. Settle order.