In the Matter of TITLE AND MORTGAGE GUARANTY
COMPANY OF SULLIVAN COUNTY.

LOUIS H. PINK, Superintendent of Insurance of the
State of New York, Appellant; WILLIAM G. BIRMING-
HAM et al., as Trustees, Respondents.

Argued May 17, 1937; decided July 13, 1937.

*Harry Rodwin, Irving H. Jurow* and *Jess H. Rosenberg* for appellant. The Superintendent of Insurance, as liquidator of the mortgage company, is entitled to share *pro rata* with all holders of Series S-2 certificates in the proceeds of the bond and mortgage. The relationship between the certificate holder and the mortgage company is that of partial assignee and assignor of the bond and

mortgage. (*Matter of Lawyers Mortgage Co.*, 157 Misc. Rep. 813; 248 App. Div. 715; 272 N. Y. 554; *Matter of The Westover, Inc.*, 82 Fed. Rep. [2d] 177; *Matter of Bond & Mortgage Guarantee Co.*, 157 Misc. Rep. 240; *Matter of Lawyers Title & Guaranty Co.*, 157 Misc. Rep. 516; *Kline v. 275 Madison Ave. Corp.*, 149 Misc. Rep. 747; *Matter of Nemerov*, 149 Misc. Rep. 797; *Matter of Bond & Mortgage Guarantee Co.*, 155 Misc. Rep. 128; *Matter of Lawyers Mortgage Co.*, 154 Misc. Rep. 909; *Title Guarantee & Trust Co. v. Mortgage Comm.*, 273 N. Y. 415.) The *pro rata* rule should govern in the absence of a contrary agreement. (*Granger v. Crouch*, 86 N. Y. 494; *Mechanics' Bank v. Bank of Niagara*, 9 Wend. 410; *Stafford v. Van Rensselaer*, 9 Cow. 316; *Kelly v. Middlesex Title Guarantee & Trust Co.*, 115 N. J. Eq. 592; 116 N. J. Eq. 574; *Matter of Lawyers Mortgage Co.*, 272 N. Y. 554; *Matter of New York Title & Mortgage Co.*, 272 N. Y. 556.) The certificate expressly provides for parity of the mortgage company's retained share. (*Matter of Lawyers Mortgage Co.*, 151 Misc. Rep. 744; 242 App. Div. 617; 265 N. Y. 508; *Title Guarantee & Trust Co. v. Mortgage Comm.*, 273 N. Y. 415; *Matter of Fidelity Union Title & Mortgage Guaranty Co.*, 118 N. J. Eq. 155; *Matter of New York Title & Mortgage Co.*, 155 Misc. Rep. 651; 157 Misc. Rep. 271; *Matter of Lawyers Mortgage Co.*, 157 Misc. Rep. 813.)

*Paul McDermott* for respondents. The relationship existing between the Title and Mortgage Guaranty Company and the certificate holders was that of debtor and creditor. (*Matter of People* [*Title & Mortgage Guaranty Co.*], 264 N. Y. 69; *Title Guarantee & Trust Co. v. Mortgage Comm.*, 273 N. Y. 415.) The Superintendent of Insurance, as liquidator, is not entitled to share *pro rata* with the certificate holders. (*Title Guarantee & Trust Co. v. Mortgage Comm.*, 273 N. Y. 415; *Koles v. Borough Park Co.*, 142 App. Div. 765; *Woolsey v. Funke*, 121 N. Y. 87; *Matter of Lawyers Mortgage Co.*, 157 Misc. Rep. 813; 248 App. Div. 715; 272 N. Y. 554; *Matter of*

Lawyers Mortgage Co., 151 Misc. Rep. 744; 242 App. Div. 617; 265 N. Y. 508; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187.)

*Michael F. Dee, Morris Amchanitsky, Jesse Freidin, John J. Clarke* and *Maurice Finkelstein* for Mortgage Commission of the State of New York, *amicus curiæ.* The existence of a default by the issuing guarantor mortgage company furnishes a sufficient equitable basis for granting priority in favor of certificate holders as partial assignees of the bond and mortgage over the assignor-mortgage company. (*Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415; *Matter of Lawyers Mortgage Co.*, 272 N. Y. 554; *Matter of New York Title & Mortgage Co.*, 272 N. Y. 556; *Louisville Title Co.* v. *Crab Orchard Bank Co.*, 249 Ky. 736.) There is nothing in the language of the certificate to disturb the application of the priority rule in favor of certificate holders. (*Matter of Lawyers Mortgage Co.*, 272 N. Y. 554; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Matter of People [Bond & Mortgage Guarantee Co.]*, 267 N. Y. 419.)

*Frank W. Chambers* and *Frederick J. Wilkens* for Felix A. Muldoon et al., as trustees for Series N-20 mortgage investments of New York Title and Mortgage Company, *amici curiæ.* The guaranty company is not only a partial assignor of an undivided interest in a bond and mortgage. It is a guarantor and debtor of the certificate holders by a separate and independent obligation running to them. (*Matter of Lawyers Mortgage Co.*, 157 Misc. Rep. 813; 248 App. Div. 715; 272 N. Y. 554.) It would be inequitable to permit the guaranty company to share with the certificate holders in the proceeds of the mortgage until they have been paid in accordance with the terms of the guaranty contained in the certificates. (*Hanlon* v. *Union Bank*, 247 N. Y. 389.)

LEHMAN, J. The Title and Mortgage Guaranty Company of Sullivan County issued and sold participation certificates, known as Series S-2, in a bond and mortgage

for $5,000. The certificates issued by the company aggregated in amount the sum of $4,800. The company guaranteed to the holder of each certificate payment of the principal and interest due upon the certificates. It retained an unsold interest to the amount of $200 in the $5,000 bond and mortgage. In January, 1933, the Superintendent of Insurance took possession of the property of the mortgage company under an order directing him to rehabilitate the company. On April 13, 1933, in proceedings instituted for the purpose of reorganizing and readjusting the rights of the holders of the certificates in Series S-2, pursuant to the provisions of chapter 745 of the Laws of 1933, popularly known as the Schackno Act, trustees were appointed under a plan of reorganization. On the same day an order providing for the liquidation of the mortgage company was entered. The net proceeds collected by the trustees upon the bond and mortgage for $5,000 are insufficient to pay in full the holders of the certificates. The Superintendent of Insurance, as liquidator of the mortgage company, claimed, upon the judicial settlement of the accounts of the trustees, that it was entitled, as holder of the $200 interest which the mortgage company retained, to share in the distribution of the amount collected upon the bond and mortgage *pro rata* with the holders of the guaranteed certificates. Its claim has been denied. The courts below have held that the holders of the guaranteed certificates had a prior right to payment out of the proceeds of the mortgage.

An assignor of a part of a bond and mortgage or other assignable chose in action may, by the terms of the assignment, fix the rights and interests of the assignor and assignee. In *Title Guarantee & Trust Co.* v. *Mortgage Commission* (273 N. Y. 415) (decided after the Appellate Division handed down its opinion in the instant case) this court said: " We believe that in this State the courts are committed to the proposition that in the absence of an agreement or proven intent to the contrary, the

existence of a trust relationship or proof of some equitable reason why priority should exist in favor of an assignee, the assignor of part of a mortgaged indebtedness who has not assumed a liability as guarantor is entitled to share *pro rata* with his assignee in the proceeds of insufficient security. Such rule we approve and find applicable to the facts as presented in the agreed statement upon which this action is submitted " (p. 428). In that case the certificates were not guaranteed by the assignor. There was no relation of debtor and creditor between assignor and assignee, and the language of the certificate did not indicate that the interest retained by the assignor should be subordinated in any manner to the interests assigned to the holders of certificates. In earlier cases, to which the court referred with approval in its opinion in *Title Guarantee & Trust Co.* v. *Mortgage Commission* (*supra*), we had held that in the absence of contractual provisions to the contrary, a corporation which has issued and *guaranteed* participation certificates in a bond and mortgage is not entitled, as owner of a retained portion of the bond and mortgage, for which no certificate had been issued, to share in insufficient proceeds of the securities, *pro rata* with the holders of the certificates which had been issued. (*Matter of Lawyers Mortgage Co.* [*545 West End Ave.*], 157 Misc. Rep. 813; affd., 248 App. Div. 715; affd., 272 N. Y. 554; *Matter of New York Title & Mortgage Co.*, 272 N. Y. 556.)

The language of the certificates in those cases was similar, though not identical, with the language of the certificates in this case. All the certificates contained clauses from which the intent might be inferred that the assignor of part of the mortgage debt, even though a guarantor, should share in the proceeds of the insufficient security for the debt on a parity with the assignees. Other clauses seemed, however, to indicate a contrary intent, and reading the certificate as a whole, the court held that its intent was that the assignor should not be entitled to share in the proceeds of the mortgage until

the outstanding certificates guaranteed by it had been paid in full. The Superintendent of Insurance, in behalf of the creditors of the corporations which issued the certificates, has moved for a reargument of these cases (motions for reargument denied; see 275 N. Y. 532 and 531), but seeks also to have this court draw a distinction between the language of the certificates in those cases and in the instant case.

Reconsideration has not altered our conclusion that what the court said in *Title Guarantee & Trust Co.* v. *Mortgage Commission* (*supra*) and what it decided in *Matter of Lawyers Mortgage Co.* (*545 West End Ave.*) (*supra*) and *Matter of New York Title & Mortgage Co.* (*supra*) is supported by the weight of authority in this and other jurisdictions and produces an equitable result in accordance with the intent of the parties. (Cf. *Fidelity Trust Co.* v. *Orr,* 154 Tenn. 538; *McClure* v. *Century Estates, Inc.,* 96 Fla. 568; *Lawson* v. *Warren,* 34 Okla. 94; *Louisville Title Co.* v. *Crab Orchard Banking Co.,* 249 Ky. 736; *Parkhurst* v. *Watertown Steam Engine Co.,* 107 Ind. 594; *Brewer* v. *Atkeison,* 121 Ala. 410; *Anderson* v. *Sharp,* 44 Ohio St. 260; *Preston* v. *Morsman,* 75 Neb. 358; *Matter of Fourth Nat. Bank,* 123 Penn. St. 473.) In other cases where the courts have reached the conclusion that an assignor of part of a debt may share in insufficient proceeds of the debt even though the assignor had guaranteed payment of the part assigned, the courts usually found such intention either expressed in the assignment or implied by silence in circumstances which create special equities in favor of the guarantor. (Cf. *Pugh* v. *Holt & Wheless,* 27 Miss. 461; *Dixon* v. *Clayville,* 44 Md. 573.)

Though in some of the cases cited above, it appears from the opinion that the guarantor and assignor was insolvent when it asserted a claim to share with its assignee or assignees in the proceeds of a debt of which it still retained a part, yet in none of these cases did

the court in its opinion indicate that solvency or insolvency might be a factor in its determination of the relative rights of assignor and assignees. However, in the recent case of *Kelly* v. *Middlesex Title Guarantee & Trust Co.* (115 N. J. Eq. 592; affd. ["for the reasons stated in the opinion filed in the court below"], 116 N. J. Eq. 574) an insolvent guarantor was accorded a right to share with its assignees in the distribution of insufficient proceeds of the debt, though it would not have been accorded the same right if solvent. The decision is placed upon the ground that, in the determination of the right of an assignor of part of a debt to share in the distribution of insufficient proceeds of the debt, avoidance of circuity of action is the logical basis for denying to an assignor, who has guaranteed payment or otherwise assumed the relation of creditor to the assignee, a right which would be accorded to an assignor who has not assumed such relation; and that the reason for such distinction fails where the assignor is insolvent. In such case, it is said, the denial of such right would give to the assignee a preference in payment of his debt over the other creditors which would be inequitable. The appellant leans heavily upon that decision.

If, in truth, avoidance of circuity of action is the logical basis of the rule that, in the absence of contractual provisions to the contrary, an assignor of a part of a debt, who is also a guarantor, may not share in the proceeds of the debt till the assignee has been paid, then insolvency of the guarantor might, we may assume, render the general rule inapplicable. In this State, at least, avoidance of circuity of action has, however, never been the basis of the rule. In this State the determination of the relative rights of an assignor and assignee of part of a cause of action to share in the distribution of its proceeds, depends, in each case, upon the intention of the parties, express or implied, actual or presumed. " The decisive test in every case is the intention of the parties, either as actually expressed, or as derived from

the natural equity of the situation." (*Granger* v. *Crouch*, 86 N. Y. 494, 498.) In *Title Guarantee & Trust Co.* v. *Mortgage Commission* (*supra*, p. 426) the court indicated that it still uses the same test when it said: " The difficulty, it seems to us, is not in stating the rule in the absence of special equities or expressed intent, but rather in determining what contractual provisions evidence an intent or the existence of special equities sufficient to warrant a determination that the vendee of part shall be entitled to preference over his vendor in the proceeds of a particular equity." An analysis of the cases cited from other States would show that only in few opinions did a court advert to avoidance of circuity of action as a relevant factor in its determination.

Where it is the actual intent of the parties that an assignee should have priority over an assignor, who is also a guarantor, or where, in the absence of actual intent disclosed in the language of the assignment, a presumption of such intent is derived from special equities, insolvency of the guarantor cannot deprive the assignee of his right to such priority. Enforcement of contractual rights granted by the guarantor would in such case not give rise to an inequitable preference over other creditors of the guarantor. That is true in this case. The right of the certificate holder to preference in the distribution of the proceeds rests not only upon presumption of intent derived from the guaranty of the assignor, but also upon actual intent clearly implied in the clause of the certificate which provides that upon the collection of the proceeds of the mortgage by the assignor it shall have the right " out of the proceeds of such collection to retain so much as may remain *after* paying to the holder hereof whatever may be due to such holder of principal and interest on this certificate as herein provided."

We do not overlook the fact that in another clause of the certificate it is provided that " the share assigned by this certificate shall be a *coordinate lien* with all other certificates of said mortgage now or hereafter issued and

*any share retained by the company.*" (Italics are ours.) Standing alone, that clause might be read as an expression of intent that in the distribution of the proceeds of the mortgage the assignor and the assignee should share ratably. Read in its context, the clause may be given a narrower application and at most renders less clear the inference which would otherwise be inescapable that the parties intended that the certificate holders should be preferred over the mortgage company in the distribution of the proceeds of the mortgage. We are told that this conclusion is inconsistent with the decision of *Matter of People* (*Lawyers Mortgage Co.*) (151 Misc. Rep. 744; affd., 242 App. Div. 617). We denied leave to appeal in that case " on the ground that the order is not final " (265 N. Y. 508). Some difference, though slight, in the language of the certificate in that case may, perhaps, be sufficient to distinguish it from this case. We could not review the order made in that case, and we express no opinion now upon its correctness.

The order should be affirmed, with costs to respondents filing briefs, payable out of the fund.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed, etc.