In the Matter of the General Assignment for the Benefit of Creditors of PARIS SHOE Co., INC., Assignor, to MARIO J. CARIELLO, Assignee.*

Supreme Court, Special Term, Kings County, July 15, 1937.

*John J. Bennett, Jr., Attorney-General [George F. Mullay of counsel], for the State of New York, for the motion.*

*Paul Windels, Corporation Counsel [Edmund B. Hennefeld of counsel], for the City of New York, opposed.*

SMITH, J. This is a motion for reargument made by the State of New York. The State seeks to have its claim for franchise tax against the insolvent debtor, Paris Shoe Co., Inc., declared superior to the claim of the city of New York for sales tax. On the original motion the court held both claims to be equal.

The motion for reargument is denied on two grounds: *First,* on the facts as presented on the original motion it was properly determined. *Second,* the additional fact presented on this motion does not call for a different decision. While on a motion for reargument no party may present additional facts, the State has submitted an affidavit and letters in which are set forth the additional fact that the franchise tax for which it had filed its claim had theretofore been liquidated and assessed against the debtor. Even if the court should now take cognizance of this new fact it would, nevertheless,

---

*See 165 Misc. 394.

be compelled to adhere to its original decision. This court in its original decision pointed out that if the franchise tax had been liquidated and assessed the situation with regard to the priority between the State and the city " might be different." But since that decision was made the Court of Appeals has clarified the situation. In an opinion handed down by that court on May 25, 1937, in *Matter of Lincoln Chair & Novelty Co., Inc.* (275 N. Y. 353), it clearly indicated, in a controversy between the State and the Federal government, that until there has been a seizure of the debtor's property by levy and execution, the mere liquidation and assessment of the State's franchise tax are of no consequence and do not have the effect either of appropriating the debtor's property or of making specific the lien granted to the State by the Tax Law for the collection of the franchise tax. If this be so, then, obviously, the additional fact now attempted to be presented by the State for the first time (namely, that the franchise tax had been computed and assessed) is likewise immaterial. It cannot serve to advance the sovereign preference of the State in the collection of the franchise tax over the sovereign preference of the city in the collection of the sales tax. Until one or the other is actually enforced they both stand on an equal footing.