In the Matter of the Liquidation of LAWYERS TITLE AND GUARANTY COMPANY.*

Supreme Court, Additional Special Term, New York County, September 14, 1937.

---

* See, also, 165 Misc. 590.

*Louis D. Schwartz* [*Morris Rosenzweig* of counsel], for the petitioner.

*Maurice Finkelstein* [*Raymond A. Tierney* and *Solomon J. Heifetz* of counsel], for the Mortgage Commission of the State of New York, for the motion.

*Herman Berniker* [*Irving H. Jurow* of counsel], for the Superintendent of Insurance, as liquidator of the Lawyers Title and Guaranty Company, opposed.

FRANKENTHALER, J. The question presented in this proceeding is whether a participation certificate in the sum of $137,700 issued by the Lawyers Title and Guaranty Company to itself is subordinate to certificates held by others. The certificates issued by the company purport to assign an undivided share in a specific bond and mortgage " equal and co-ordinate with all other shares assigned or retained by the Company." The certificates do not contain the provision frequently found in other issues that the company may itself own or hold certificates with the same rights as other certificate holders. The certificate for $137,700 now held by the company was issued to itself on March 1, 1933, in replacement of certificates in the same aggregate face amount previously sold to the public and thereafter paid by the company in accordance with its guaranty.

In the absence of language clearly indicating an intention that the interest held by a guaranty company in a bond and mortgage should share equally and on a par with certificates guaranteed by it and owned by others, this court has repeatedly decided that the company's interest is subordinate to the rights of other certificate holders. (*Matter of Lawyers Mortgage Co.* [*545 West End Ave.*], 157 Misc. 813; affd., 248 App. Div. 715; affd., 272 N. Y. 554; *Matter of New York Title & Mortgage Co.* [*Series FW-1*], 157 Misc. 271; affd., 248 App. Div. 715; affd., 272 N. Y. 556; *Matter of New York Title & Mortgage Co.* [*Series N-9, 310 West 85th St.*], 163 Misc. 196, pp. 197, 198). The opinions recently handed down by the Court of Appeals in *Matter of Title & Mortgage Guaranty Co.* (275 N. Y. 347) and in *Title Guarantee & Trust Co.* v. *Mortgage Commission* (273 id. 415) have approved and confirmed the views previously expressed by this court. Thus in *Matter of Title & Mortgage Guaranty Co.* (*supra*, p. 352) the Court of Appeals said: " In earlier cases, to which the court referred with approval in its opinion in *Title Guarantee & Trust Co.* v. *Mortgage Commission* (*supra*), we had held that in the absence of contractual provisions to the contrary, a corporation which has issued and *guaranteed* participation certificates in a bond and mortgage is not

entitled, as owner of a retained portion of the bond and mortgage, for which no certificate had been issued, to share in insufficient proceeds of the securities, *pro rata* with the holders of the certificates which had been issued. (*Matter of Lawyers Mortgage Co.* [*545 West End Ave.*], 157 Misc. Rep. 813; affd., 248 App. Div. 715; affd., 272 N. Y. 554; *Matter of New York Title & Mortgage Co.*, 272 N. Y. 556.) '' At page 355 the court referred to the '' presumption '' of an intention that the guarantor's interest should be subordinate to the rights of certificate owners holding its guaranties, a presumption rebuttable only by language clearly indicating a contrary intent.

It follows that the certificate issued by the guaranty company to itself in the sum of $137,700 is subordinate to the certificates held by others unless the certificates employ language clearly indicating a contrary intent. As previously pointed out, however, the certificates do not contain the provision frequently employed that the guaranty company may acquire certificates for its own account possessing the same rights as the certificates held by others. The only language in the certificates which purports to place the company's interest upon a par with the interests conveyed to others is the provision that the undivided shares assigned by the certificates to others shall be '' equal and co-ordinate with all other shares assigned or retained by the Company.'' This language is, however, inapplicable to the certificate for $137,700 held by the company. The reference to '' all other shares assigned * * * by the company '' appears to have been intended to confer equal rights as against each other upon all those receiving assignments of undivided shares from the company, and contains nothing to suggest that the company itself should have the right to avail itself of the provision for equal distribution by acquiring from its assignees shares previously assigned to them. The only words in the certificates which purport to give the guaranty company itself the right to share equally with its assignees are those which relate to shares in the bond and mortgage '' retained by the Company.'' As the certificate for $137,700 held by the company does not represent a portion of the bond and mortgage retained by the company but rather a portion conveyed by it and later reacquired, it seems to be clear that the certificates involved in this proceeding contain nothing to overcome the presumption that the share held by the guaranty company was intended to be subordinate to that conveyed by it to others to whom it guaranteed payment. If the guaranty company intended that shares in the bond and mortgage assigned by it to others and later reacquired should also be entitled to parity it could easily have so provided. The certificates were

prepared by the company and under familiar legal principles any ambiguities should, therefore, be resolved against it. The court accordingly holds that the certificate of $137,700 is subordinate to the certificates held by others.

When the prior motion affecting this issue was before the court, it did not appear in the papers presented to the court on that motion that the company's certificate had been issued in place of certificates previously sold to others and thereafter paid for by the company in accordance with its guaranty. It was assumed that the company's certificate had been issued to evidence the unassigned or *retained* portion of the mortgage and accordingly the court held that the language of the certificate expressly confered parity upon the company's interest. On the present application it is established that the company's certificate was issued in lieu of certificates previously assigned to others and subsequently acquired by payment. As the prior application related to an item alleged to have been improperly recouped by the Superintendent of Insurance while the present application involves other funds which have accrued as interest and are at present retained by the petitioner, the decision on the prior application is not binding here. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, pp. 306, 307, 308.)

The motion is granted as to paragraphs 1, 2 and 3 of the order to show cause. In view of this disposition it is unnecessary to pass upon the alternative relief requested and the motion will accordingly be denied, but without prejudice, in so far as such alternative relief is sought. Settle order.