In the Matter of the Liquidation of LAWYERS TITLE AND GUARANTY COMPANY.

Supreme Court, Additional Special Term, New York County, December 14, 1937.

 

*Herman Berniker* [*Irving H. Jurow* of counsel], for the Superintendent of Insurance, as liquidator of the Lawyers Title and Guaranty Company.

*Maurice Finkelstein* [*Raymond A. Tierney* and *Solomon J. Heifetz* of counsel], for the Mortgage Commission of the State of New York.

*Thomas Keogh* [*Joseph L. Maged* of counsel], for the trustee.

*Henry J. Frank*, for the Chase National Bank of the City of New York, petitioner.

FRANKENTHALER, J. Each of the certificates held by petitioner purports to assign " an undivided share * * * equal and co-ordinate with all other shares assigned or retained by the Company." The certificates were assigned to petitioner as collateral security prior to the order of rehabilitation. These assignments conferred upon petitioner the status of an assignee of the certificates within the meaning of the words " co-ordinate with all other shares assigned * * * by the Company," for an assignee for purposes of pledge is just as much an assignee as one taking an absolute assignment.

Respondent contends, however, that as the certificates had been acquired by the title company subsequent to their original issue and before they were assigned to petitioner, they were subordinate to certificates held by others, citing the decision of this court in *Matter of Lawyers Title & Guaranty Co.* (164 Misc. 292). It is accordingly argued that the company's subsequent assignment of the certificates to petitioner conferred no greater rights upon the latter than the company itself possessed at the time of the assignment. The difficulty with this contention is that the decision in the case cited applied only to certificates held by the title company itself and did not pass upon the rights of those possessing certificates which had been reissued after having been acquired by the company. In view of the title company's guaranty of payment of certificates held by others, there is a " presumption " (*Matter of Title & Mortgage Guaranty Co.*, 275 N. Y. 347, 355) that certificates owned by the company itself were intended to be subordinate to those belonging to others, a presumption rebuttable only by clear and unmistakable evidence of a contrary intent. (See, also, previous decision of this court in *Matter of Lawyers Mortgage Co.* [*545 West End Ave.*], 157 Misc. 813, 815; affd., 248 App. Div. 715; affd., 272 N. Y. 554, where it was said [p. 815]: " It is unnecessary, however,

to rest the decision here upon the principle laid down in the authorities previously cited, for ample evidence exists of an intention to confer upon the shares assigned priority over those retained. *The assignments were accompanied by the assignor's guaranty of payment.)*" It was principally because of the existence of this presumption that this court held in the case previously referred to that the company's own certificates were subordinate to those held by the public generally. In determining, however, whether reissued certificates, *not owned by the title company*, are entitled to parity with other outstanding certificates, the provision in the certificates that each assigned share shall be " equal and co-ordinate with all other shares assigned or retained by the Company " is to be construed without reference to the presumption that company holdings are subordinate. Such reissued certificates in the hands of others than the company are among the " other shares assigned * * * by the Company," these words being broad enough to include shares assigned by the company after it had acquired them from others as well as shares assigned by it as part of an original issue. Only the holdings of the title company itself — not those of others — are presumed to be subordinate in the absence of language indicating a contrary intention. The certificates by their express language conferred equal and co-ordinate rights on all holders, without any distinction between those acquiring the certificates through original issue and those receiving them by way of reissue. *The only holder of certificates to whom the parity provision is unavailable is the title company itself which, having guaranteed payment to the other holders, is presumed, in the absence of language clearly evidencing a contrary intent, to have intended that its own holdings should be subordinate.*

The motion to compel registration of the petitioner's certificates and for other relief is granted. Settle order.