In the Matter of LAWYERS MORTGAGE COMPANY.

BROOKLYN TRUST COMPANY, as Trustee, Appellant; LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of LAWYERS MORTGAGE COMPANY, Respondent.

Argued November 15, 1940; decided December 31, 1940.

*Stanley S. Hawkes* and *Ralph W. Crolly* for appellant.

*Walter B. Herendeen* and *Vivienne M. Camps* for respondent.

LOUGHRAN, J. The two corporate names appearing in the record will be abbreviated. Lawyers Mortgage Safe Deposit Company will be called the Safe Deposit Company and Lawyers Mortgage Company will be called the Mortgage Company.

The Mortgage Company was incorporated as a title guaranty corporation under the Insurance Law (Cons. Laws, ch. 28). The Safe Deposit Company was incorporated under the Banking Law (Cons. Laws, ch. 2). The capital stock of the Safe Deposit Company (except for sixteen shares held by its directors) was owned by the Mortgage Company and the directors of both companies were the same persons.

The Mortgage Company sold certificates of participation in mortgages and guaranteed payment of principal and interest to become due thereon. In 1932 the Safe Deposit Company out of its own funds paid to the Mortgage Com-

pany $7,500 for a participation of that amount in a mortgage for $234,000. This transaction was evidenced by the Mortgage Company's "Guaranteed First Mortgage Certificate No. 72, Series No. 200643" which the Mortgage Company delivered to the Safe Deposit Company.

In 1933 the Superintendent of Insurance was made rehabilitator of the Mortgage Company in a proceeding instituted pursuant to article XI of the Insurance Law. In that capacity, he purchased the sixteen shares of the capital stock of the Safe Deposit Company held by the directors thereof and then brought about the dissolution of the Safe Deposit Company through proceedings taken under section 486 (now § 605) of the Banking Law. Inasmuch as the Safe Deposit Company at that time had no creditors, all its assets (including the above-mentioned Mortgage Certificate No. 72 of Series No. 200643) were thereupon transferred to the Mortgage Company as sole stockholder of the Safe Deposit Company. Thereafter, and in 1937, a proceeding for the liquidation of the Mortgage Company was instituted pursuant to article XI of the Insurance Law and the Superintendent of Insurance, as liquidator, became vested with title to all property and assets of the Mortgage Company.

The present proceeding was brought under chapter 19 of the Laws of 1935, for a reorganization of the mortgage underlying the Series 200643 guaranteed mortgage certificates of the Mortgage Company. An order approving a plan of reorganization of the mortgage was entered in 1938. The Brooklyn Trust Company was thereby made trustee for holders of certificates of that series.

Upon application of the Superintendent of Insurance, as liquidator of the Mortgage Company, Special Term on October 30, 1939, made an order in the present proceeding as follows:

"ORDERED, that the Brooklyn Trust Company, as Trustee, be authorized and directed to register certificate No. 72 of Lawyers Mortgage Company series No. 200643, now owned by the Superintendent of Insurance of the

State of New York, as Liquidator of Lawyers Mortgage Company, on a parity with all other outstanding certificates in the same series, and it is further

" ORDERED, that the Brooklyn Trust Company, as Trustee, pay over to the Superintendent of Insurance of the State of New York, as Liquidator of Lawyers Mortgage Company, any and all sums on account of principal and/or interest distributable or to become distributable on certificate No. 72 of Lawyers Mortgage Company series No. 200643 on a parity with distributions heretofore or hereafter made to the holders of all other outstanding certificates in the same series."

Whether these directions were validly made is the question presented on this appeal by the Brooklyn Trust Company, as trustee, from an affirmance by the Appellate Division of the order of the Special Term.

The argument against the order of the Special Term is that the purchase of this Certificate No. 72 by the Safe Deposit Company was in effect a purchase thereof by the Mortgage Company. If the case is to be taken that way, that certificate should have been subordinated to other outstanding certificates of the same series for the purposes of distribution of the proceeds of the underlying mortgage. (*Matter of Title & Mortgage Guaranty Co.*, 275 N. Y. 347; *Pink* v. *Thomas*, 282 N. Y. 10.) The Safe Deposit Company did not, however, become the instrumentality of the Mortgage Company merely because of the non-commercial identity of either company with the other. It does not appear that the Mortgage Company ever profited by any use of the assets of the Safe Deposit Company. Certificate No. 72 was purchased by the Safe Deposit Company with its own capital. On these facts the courts below properly held that complete ownership of that certificate when it was issued was in the Safe Deposit Company as a corporate entity distinct from the Mortgage Company. (See *Berkey* v. *Third Avenue Ry. Co.*, 244 N. Y. 84; *Jenkins* v. *Moyse*, 254 N. Y. 319.)

As rehabilitator and as liquidator of the Mortgage Company the Superintendent of Insurance was a statutory receiver of its property. Certificate No. 72 was transferred to him in that character by operation of law for the benefit of all creditors of the Mortgage Company. No criticism has been made of the Superintendent because as rehabilitator of the Mortgage Company he caused the Safe Deposit Company to be wound up and we do not suppose that his official action to that end imparted to other mortgage certificates of Series 200643 a priority over Certificate No. 72 which otherwise could not be claimed.

On the whole, we think the courts below were warranted in their ruling that for the purposes of the present proceeding Certificate No. 72 stood on a parity with all other outstanding certificates of the same Series 200643.

The orders should be affirmed, without costs, and the question certified answered in the affirmative, though the order of the Appellate Division was a final order (*Matter of Lawyers Mortgage Co. [40 Lincoln Road]*, 284 N. Y. 325, decided herewith), and no certified question was called for.

LEHMAN, Ch. J., FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Orders affirmed, etc.