## In the Matter of WESTCHESTER TITLE AND TRUST COMPANY. (Series 39-F.)

Supreme Court, Special Term, Westchester County, March 5, 1945.

---

* L. 1944, ch. 667, eff. April 9, 1944. — [REP.

† Holding the amendment not retroactive; see, also, *Burnham* v. *Brush*, 184 Misc. 815.— [REP.

734

*Joseph W. Bryan* for Robert A. Dineen, as State Superintendent of Insurance, for the motion.

*Irving B. Lydecker* for Martin J. Birmingham and others, as successor trustees, opposed.

NOLAN, J. Motion by the State Superintendent of Insurance to be relieved from a stipulation, and to vacate an order entered thereon, denied. The stipulation, dated March 31, 1939, contained the Superintendent's agreement that his interest, as liquidator of the guarantee company, in the assets of the trust estate, in the amount of $5,000, constituting his unsold portion, and repurchased and canceled certificates, should be subject and subordinate to the interest of the certificate holders. An order was entered, based on the stipulation, dated May 4, 1939, adjudicating the priority of the interests of the investing certificate holders, and directing the trustees to distribute to the certificate holders, other than the Superintendent, certain funds held

by them, as segregated funds, on account of the interest of the Superintendent of Insurance, which they had been directed to hold in escrow, pending the determination of the question of priority of interest. The funds held on account of the Superintendent's interest have been distributed, as have other assets of the trust estate, and trustees' accounts, reciting such distribution, have been confirmed, on notice to the Superintendent. There now remains in the hands of the trustees, for final distribution, a sum of money which is about equal to that which they held in escrow, in 1939, on account of the interest of the Superintendent as liquidator.

The Superintendent now claims that his interest in the estate, in the amount of $5,000, is not subordinate to that of the other certificate holders, since it does not consist of an unsold interest in certificated mortgages, or repurchased and canceled certificates, but is evidenced by a certificate sold by the guarantee company to Westchester Safe Deposit Company, a subsidiary of the guarantee company. This company, the Superintendent asserts, was dissolved in 1933, and all its assets were turned over to the guarantee company, as its sole stockholder. When the Superintendent of Insurance was made rehabilitator of the guarantee company, the certificate theretofore issued to Westchester Safe Deposit Company was owned by the guarantee company, and had not been canceled.

There appears to be no necessity for a hearing. If the facts asserted by the Superintendent of Insurance are conceded, he is not entitled to the relief which he seeks. The certificate held by the Superintendent provides, as do others issued in this series, that " The Company may be the holder, or owner, or pledgee of one or more of the said certificates ". Such certificates do not contain, however, any language sufficient to indicate an intent that the company's interest, by virtue of said ownership, would entitle it to parity with other certificate holders, in the distribution of insufficient security for the debt evidenced by the certificates issued. Payment of that indebtedness was guaranteed by the company. Such being the case, the company was not entitled to receive, on account of its interest, any share in the proceeds of the sale of collateral, until third party certificate holders had been paid in full, unless the certificates sold clearly indicated that it retained such right. Clear and unambiguous language is required to indicate such intent. (*Pink* v. *Thomas,* 282 N. Y. 10; *Matter of Title & Mortgage Guaranty Co.,* 275 N. Y. 347; *Matter of People [Union Guar. & Mtg. Co.],* 285 N. Y. 337; *Ferris* v. *Prudence Realization Corp.,* 292 N. Y. 210.)

The Superintendent, as successor to the rights of the company, may claim no preferential position, because he holds an uncanceled certificate. The contractual provisions of the certificates under consideration in *Matter of Lawyers Mortgage Company* (151 Misc. 744) are not present in the certificate under consideration here. The Superintendent's position as the holder of an uncanceled certificate is no better than it would have been, had his interest been asserted, as the owner of unsold interests in the certificated mortgages. If the guarantee company was not entitled by reason of such retained interest to share in the proceeds of the sale of collateral, on a parity with third party certificate holders, it could not, by the sale and reacquisition of a part of the interest so sold, acquire, as against other holders of certificates, a right which it would not have had, had it retained that part. (*Title G. & T. Co.* v. *Mortgage Comm.*, 273 N. Y 415, 422.) The court does not consider *Matter of Lawyers Mtge. Co.* (*8718 Ridge Blvd.*) (284 N. Y. 371) or *Matter of Lawyers Mtge. Co.* (*731–735 W. 183rd St.*) (284 N. Y. 751) authorities to the contrary. In those cases, the certificates issued were not reacquired by the guarantee company before rehabilitation or liquidation, but were acquired by the State Superintendent of Insurance, as rehabilitator or liquidator, and consequently, as a statutory receiver *for the benefit of all creditors* of the guarantee company. Since the interest represented by the certificates in those cases was never reacquired by the company, the Superintendent, as successor to the rights of third party certificate holders was entitled to share pro rata with other holders of certificates in the distribution of the proceeds of collateral. In this case, the certificate under consideration was retransferred to the issuing company. The Superintendent, when it came into his hands, acquired only the rights which the company possessed, on account of the interest which it represented, and that interest was subordinate to the rights of other certificate holders. Such being the case, it is immaterial that the stipulation may have been entered into as the result of a mutual mistake of fact, since if the facts now asserted were known at the time of the making of the stipulation, the Superintendent of Insurance would have been in no better position. Settle order on notice.