Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Lawyers Title and Guaranty Company, Respondent, *v.* William P. Thomas et al., as Trustees, Appellants, Impleaded with Another.

Submitted November 30, 1939; decided December 28, 1939.

*Frank W. Chambers* for appellants. In the absence of language evidencing an agreement to the contrary, the special equities between the company and the certificate

holders give rise to a presumption of intent that the certificate holders should have priority over the company in the proceeds of the security. (*Matter of Title & Mortgage Guaranty Co. of Sullivan County*, 275 N. Y. 347.) The language of the certificate is not sufficient to rebut the presumption of intent to give certificate holders priority. (*Matter of Title & Mortgage Guaranty Co. of Sullivan County*, 275 N. Y. 347.) The language contained in the certificate is insufficient to entitle the company to share *pro rata*. (*Matter of Lawyers Title & Guaranty Co. [Forshay]*, 169 Misc. Rep. 266; 254 App. Div. 653; 279 N. Y. 571; *Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415.) It would be inequitable to permit the company to share with the certificate holders in the proceeds of the mortgage until they have been paid in accordance with the terms of the guaranty contained in the certificates. (*Matter of Title & Mortgage Guaranty Co. of Sullivan County*, 275 N. Y. 347; *Matter of Lawyers Mortgage Co [545 West End Ave.]*, 272 N. Y. 554; *Matter of New York Title & Mortgage Co.*, 272 N. Y. 556.)

*Irving H. Jurow* and *Edward F. Keenan* for respondent. The agreement between the parties evidenced by the certificates in this issue specifically provides that the respondent's retained interest is entitled to share on a parity with the certificates held by the public. (*Granger* v. *Crouch*, 86 N. Y. 494; *Matter of New York Title & Mortgage Co.*, 157 Misc. Rep. 271; 248 App. Div. 715; 272 N. Y. 556; *Matter of Lawyers Mortgage Co.*, 157 Misc. Rep. 813; 248 App. Div. 715; 272 N. Y. 554; *Matter of Title & Mortgage Guaranty Co. of Sullivan County*, 275 N. Y. 347; *Matter of New York Title & Mortgage Co.*, 253 App. Div. 308; 278 N. Y. 488.)

HUBBS, J. The Lawyers Title and Guaranty Company owned a mortgage for $42,300. It sold participating certificates therein to third parties to the amount of $40,475. It repurchased one $100 certificate. It at all times retained an interest of $1,825 in the mortgage. The company is

now in liquidation. The question presented for determination is whether the plaintiff, as liquidator, is entitled to share *pro rata* in the proceeds to be received from the mortgaged property with the third parties holding participating certificates. The mortgage company guaranteed to certificate holders the payment of the certificates. If it had not guaranteed the payment of the certificates it would be entitled to share *pro rata* with the certificate holders in the proceeds of the sale of the mortgaged property (*Title Guarantee & Trust Co. v. Mortgage Commission,* 273 N. Y. 415), but if a mortgage company guarantees payment of certificates which it sells to third parties it is not entitled to share in the proceeds received from the sale of collateral until the third-party certificate holders are paid in full unless the certificates sold clearly provide that it retains such right (*Matter of Title & Mortgage Guaranty Company of Sullivan County,* 275 N. Y. 347), the underlying principle being that a mortgage company which sells participating certificates in a mortgage and itself guarantees them is in the position of a debtor, and the equitable rule existing between debtors and creditors applies. On default and absence of sufficient funds to pay certificate holders other than itself in full it cannot share in the assets available until the certificate holders are paid in full. That is the law, and it is right. Having guaranteed the payment of the certificates it would be highly inequitable to permit it to step in and divert part of the security available to pay such certificate holders whom it had expressly guaranteed should be paid. No one in this case questions that principle.

It should take very clear and unambiguous language in the certificates to overcome that rule and substitute a holding that in spite of its guarantee of payment it should be permitted to share in the available assets even though the certificates which it had guaranteed should be paid remained unpaid. Such an inequitable result could be accomplished if the language used was so clear and unmistakable that the courts would be compelled to give effect to the intent of the parties as expressed in the writing.

Otherwise the equitable rule should prevail. In the case at bar the wording of the certificates does not require the holding contended for by respondent.

The certificates here in question, so far as here material, read: "Lawyers Title and Guaranty Company hereby assigns to the holder hereof . . . . . . . . . . . . an undivided share of —————— Dollars and interest thereon at the rate of —————— per cent. per annum from the date hereof, in the bond and mortgage hereinafter specified, equal and co-ordinate with all other shares assigned or retained by the Company, the aggregate amount of all such shares, issued and retained, at no one time to exceed the amount then owing on said bond and mortgage."

As we know, these mortgage certificates are sold at different times to different individuals. The words " equal and co-ordinate with all other shares assigned or retained by the Company " constitutes an agreement that the shares in question shall be equal and co-ordinate with those previously sold. That is, that the date of sale of different shares shall not in any event constitute a preference, and the shares retained by the company at the date of the sale of any particular share are retained presumably for subsequent sale, as that was the business of the company. They shall, when sold, be equal and co-ordinate with those in question and all other shares previously sold or those still remaining and retained by the company to be thereafter sold. All shares taken together, that is, all those sold and all those unsold but retained for future sale, shall not exceed the amount at any time owing on the bond and mortgage.

That is what a purchaser of a certificate would understand the clause in question to mean and what it was intended to mean. Given that meaning an equitable result is reached.

The judgment should be reversed and judgment directed for defendants, without costs.

RIPPEY, J. (dissenting). This is an appeal by defendants from the decision of the Appellate Division on a submitted controversy and an agreed statement of facts.

The mortgage was for $42,300. Certificates outstanding in the hands of the public aggregated $40,375. A certificate for $100 was reacquired by the company. The unsold portion at all times retained by the company was $1,825. By the stipulation it is conceded that the reacquired certificate was subordinate to the rights of the certificates outstanding in the hands of the public (*Matter of Lawyers Title & Guaranty Co. [Forshay]*, 279 N. Y. 571). The question here presented, for the first time in this court, is whether the holders of guaranteed participation certificates are entitled to priority over the company that issued and guaranteed the certificates in the proceeds of the security where the company has at all times retained a portion of the mortgage and claims to be entitled to share equally with the other certificate holders.

The participation certificate, so far as material, provides: " Lawyers Title and Guaranty Company hereby assigns to the holder hereof............an undivided share of ——————Dollars and interest thereon at the rate of ————— per cent. per annum from the date hereof, in the bond and mortgage hereinafter specified, equal and co-ordinate with all other shares assigned or retained by the Company, the aggregate amount of all such shares, issued and retained, at no one time to exceed the amount then owing on said bond and mortgage."

The Appellate Division, first department, held, with two justices dissenting, that the plaintiff Superintendent of Insurance, as liquidator of the Lawyers Title and Guaranty Company, was entitled by virtue of its retained interest to share in the proceeds of the security on a parity with outside holders of participation certificates since " the parties stipulated for equal and co-ordinate rights in the security not only with respect to all other shares ' assigned ' by the Company to other parties but with respect to all shares ' retained by the Company.' " (257 App. Div. 354, 356.)

Where the certificates are guaranteed, in the absence of language to the contrary, the presumption is that the certificate holders shall have priority on distribution over the corporation retaining part of the certificates or shares

(*Matter of Title & Mortgage Guaranty Company of Sullivan County*, 275 N. Y. 347). The decisive test is the implied or actual intent of the parties (*Granger* v. *Crouch*, 86 N. Y. 494; *Sullivan County* case, p. 354). That presumption may be rebutted by unequivocal language evidencing a contrary intent. In *Matter of Title & Mortgage Guaranty Company of Sullivan Company* (*supra*, p. 355) the certificates provided that " the share assigned by this certificate shall be a coordinate lien with all other certificates of said mortgage now or hereafter issued and any share retained by the Company." The court held that outside certificate holders should be given priority since the foregoing clause was limited by another provision of the certificate which read that the company should have the right " out of the proceeds of such collection to retain so much as may remain *after* paying to the holder hereof whatever may be due to such holder of principal and interest on this certificate as herein provided." Referring to the first provision quoted above, which is similar to the provision here in question, the court indicated what its decision might be without the latter clause. Said the court: " Standing alone, that clause might be read as an expression of intent that in the distribution of the proceeds of the mortgage the assignor and the assignee should share ratably. Read in its context, the clause may be given a narrower application and at most renders less clear the inference which would otherwise be inescapable that the parties intended that the certificate holders should be preferred over the mortgage company in the distribution of the proceeds of the mortgage " (p. 356). In the certificates here in question there is no such other limiting clause. The intent is clearly shown here and is conclusive that the parties are to share ratably in the proceeds derived from the security.

We again discussed this matter in the case of *Matter of Lawyers Title & Guaranty Co.* (*Forshay*) (*supra*), where it was held that a reacquired interest of the company was subordinate to the rights of certificate holders under certificates containing the exact language of the certificates

here involved. Leave to appeal was allowed for the purpose of determining whether the decision in *Title Guarantee & Trust Co.* v. *Mortgage Commission* (273 N. Y. 415) applied, and it was held that it did not. The distinction seems to be that in the *Forshay* case equality was specifically limited by the certificates to all other shares assigned or retained by the company and it was held that the work " retained " should not be given so broad a construction as to include certificates which were assigned to others and later repurchased by the company. The dissenting opinion in the Appellate Division and the argument of appellants assert that there is no rational basis for a distinction between a certificate at all times retained by the company and one sold and later reacquired by it, but such a distinction was inferentially at least upheld in the *Forshay* case. The basis of decision here is that the words contained in the certificate are clear and unambiguous and are unlimited by other clauses in the certificate or by other equities and show that the parties intended to contract and actually agreed that certificates at all times retained by the company should stand on the same footing with those outstanding in the hands of the public upon distribution of the proceeds derived from the disposition of the underlying mortgage.

The last point raised by appellants is that it would be inequitable to permit the company to share with certificate holders in the proceeds of the mortgage until the certificate holders have been paid in accordance with the terms of the guaranty contained in the certificates. The certificate holders must be deemed to have bought the certificates with the understanding that the company was to share equally with them in view of the express provision in the certificates to that effect, and, therefore, it is not inequitable to deny them preference over the company's interest in retained shares.

The judgment appealed from should be affirmed.

CRANE, Ch. J., LEHMAN and LOUGHRAN, JJ., concur with HUBBS, J.; RIPPEY, J., dissents in opinion, in which FINCH, J., concurs; O'BRIEN, J., taking no part.

Judgment reversed, etc.