PRUDENCE REALIZATION CORP. *v.* GEIST, TRUSTEE.

No. 757.  Argued April 1, 1942.—Decided April 27, 1942.

*Mr. Irving L. Schanzer* for petitioner.

·*Mr. Morris A. Marks,* with whom *Mr. A. Joseph Geist* was on the brief, for respondent.

Mr. Chief Justice Stone delivered the opinion of the Court.

The question for our decision is whether an insolvent defaulting guarantor of certificates of participation in a mortgage, who is also the owner of a part of the mortgage indebtedness, is entitled to share pro rata in a distribution of the proceeds of the mortgage in a § 77B bankruptcy reorganization.

Prudence Company, petitioner's predecessor, and a wholly owned subsidiary of New York Investors, Inc., loaned to Zo-Gale Realty Company $480,000 on its bond secured by a first mortgage on real estate. In 1925, Prudence Company put into execution a plan for selling participation certificates in the mortgage. It assigned the bond and mortgage without consideration to Prudence Bonds Corporation, also a wholly owned subsidiary of New York Investors, Inc. Prudence Bonds in turn lodged the bond and mortgage with a trust company depositary. Prudence Company then executed a guaranty of payment of the bond and mortgage, whereupon Prudence Bonds issued certificates of participation authenticated by the trust company, and totaling $382,800. It delivered them, without payment of any consideration, to the Prudence Company which then sold them to investors. The guaranty of Prudence Company, which was referred to in the participation certificates, was of payment of the bond interest when due and of the principal when due or within eighteen months thereafter.

Each certificate declares that the purchaser is entitled to an undivided share in the mortgage of a specified amount equal to the sum paid for it by the original pur-

chaser. Each provides that the share in the bond and mortgage represented by it is not subordinate to any other shares or subject to any prior interest, and each reserves to Prudence Bonds the right "to be the holder or pledgee of similar shares" in the bond and mortgage. The mortgage indebtedness was later reduced to $390,000, leaving an undivided share of $7,200 of which Prudence Company was the equitable owner, for which no participation certificate had been issued.

In 1938, an order of the bankruptcy court, in which Prudence Company and Prudence Bonds were then being reorganized, directed a transfer to Prudence Company of the $7,200 interest, as part of a settlement and adjustment of mutual claims between the two companies, and Prudence Company has continued to be the owner of this share of the mortgage indebtedness. It has also acquired, by purchase from certificate holders, $816.67 in certificates of participation in the mortgage.

On foreclosure of a second mortgage on the Zo-Gale property, Amalgamated Properties, Inc., a wholly owned subsidiary of Prudence Company, acquired title to the property from the mortgagor, and later went into a bankruptcy reorganization. Upon approval by the court of a plan of reorganization of the Zo-Gale certificate issue, the title to the mortgaged property was transferred to respondent Geist, as trustee for the benefit of the certificate holders. In confirming the plan for reorganization of Amalgamated, the court reserved for future decision the question whether the Prudence Company was entitled to payment of its two claims in the mortgage pro rata with the other certificate holders.

As provided by the reorganization plan of Prudence Company, petitioner Prudence Realization Corporation was organized to take over the assets from the trustees of Prudence Company and to liquidate them for the benefit of creditors under the direction of the bankruptcy

court. Petitioner has thus acquired certificates issued in the Amalgamated reorganization proceeding, representing the interest of Prudence Company in the Zo-Gale bond and mortgage. The claims against Prudence Company recognized by its plan of reorganization amounted to $133,723,000, including its guaranties of mortgages amounting to $12,523,000; guaranties of bonds issued by Prudence Bonds for $58,833,000; and guaranties of mortgage participation certificates issued by Prudence Bonds (including the Zo-Gale mortgage certificates) for $50,858,000.

The present proceeding was begun by respondent's petition in the consolidated reorganization of Prudence Company and Amalgamated Properties in the Eastern District of New York for an order directing that petitioner was not entitled to any distribution on account of the Prudence Company's interest in the Zo-Gale mortgage until the other certificate holders were paid in full. The district court granted the order, which the Circuit Court of Appeals for the Second Circuit affirmed. 122 F. 2d 503. Both courts applied the rule of the New York Court of Appeals, see *Matter of Title & Mortgage Guaranty Co.*, 275 N. Y. 347, 9 N. E. 2d 957; *Pink* v. *Thomas*, 282 N. Y. 10, 24 N. E. 2d 724; *Matter of People (Union Guarantee & Mortgage Co.)*, 285 N. Y. 337, 34 N. E. 2d 345, that a guarantor of mortgage certificates, who also has an interest in the mortgage, cannot share in the proceeds of its collection until the certificate holders are paid, unless there is a clear reservation in the certificate of the right of the guarantor to share on a parity with other certificate holders. The Circuit Court of Appeals by a divided court held that it was bound to apply the rule announced in the New York cases cited, which it deemed to be a rule of construction of the guaranty of the certificates. We granted certiorari, 314 U. S. 606, because of the importance in bankruptcy administration of the questions raised.

The court below recognized the implication of the requirement that a plan of reorganization under former § 77B (f) (1) of the Bankruptcy Act (see 11 U. S. C. § 621 (2)) be one which "is fair and equitable and does not discriminate unfairly in the case of any class of creditors," see *Southern Pacific Co.* v. *Bogert,* 250 U. S. 483, 492; *Case* v. *Los Angeles Lumber Co.,* 308 U. S. 106, and that § 65 (a) requires that in liquidations a distribution of "dividends of an equal per centum" shall be made "on all allowed claims, except such as have priority or are secured," see *Globe Bank & Trust Co.* v. *Martin,* 236 U. S. 288, 305; *Moore* v. *Bay,* 284 U. S. 4. It recognized also that the equity powers of the bankruptcy court may be exerted to subordinate the claims of one claimant to those of others of the same class where his conduct in acquiring or asserting his claim is contrary to established equitable principles. See *Taylor* v. *Standard Gas Co.,* 306 U. S. 307; *Pepper* v. *Litton,* 308 U. S. 295; *In re Bowman Hardware & Electric Co.,* 67 F. 2d 792.

But the court found it unnecessary to choose between such competing considerations, and rested its decision on the ground that Prudence Company's guaranty of the certificates was under state law to be interpreted as impliedly agreeing that any claim of its own to the mortgage indebtedness was to be subordinated to those of other certificate holders. After referring to cases in which the New York Court of Appeals had directed such a subordination, the court said (122 F. 2d 505):

"An important issue herein is whether this is primarily a rule of construction of the guaranty in the certificates or is a rule of administration of insolvent estates which violates bankruptcy principles of equal distribution of a bankrupt estate among creditors. If it is a rule of construction we would follow it . . .," citing *Erie R. Co.* v. *Tompkins,* 304 U. S. 64. "And if we thus found the guarantee to amount to an actual agreement between two creditors that

the claim of one against the debtor should be subordinated to that of the other, we should give that effect to it . . ."

The only evidence of the actual intent of the parties to which the court referred was the fact that Prudence Company, unlike Prudence Bonds, had not reserved the right in the certificates to be the holder of "similar shares" in the bond and mortgage. But there is no contention that in the absence of such a provision in the certificates, Prudence Company was not free to acquire certificates or hold an interest in the guaranteed mortgage in its own right. Consequently, its ownership of the $816.67 in certificates and $7,200 of the uncertificated indebtedness evidences no actual intention to subordinate those interests in a liquidation. And neither the terms of the guaranty nor of the certificates give any indication of such an intent of the parties.

The court arrived at its conclusion that the Prudence Company had agreed to subordinate its claims, not from an examination of the relevant documents read in the light of the surrounding circumstances, except as we have noted, but from its reading and application of the opinions of the New York Court of Appeals. These recognize that the guarantor of a mortgage, who is also a part owner of it, is free to stipulate that he may share in a liquidation on an equal footing with other owners of the mortgage despite his default on his guaranty, and that effect will be given to such a stipulation. See *Matter of Title & Mortgage Guaranty Co., supra,* 352; *Pink* v. *Thomas, supra,* 12; *Matter of People (Union Guarantee & Mortgage Co.), supra,* 343. On the other hand, some of them have found visible evidence, in the terms of the certificates, of an actual intention of the parties to subordinate the guarantor's interest. To that extent they are inapplicable to the certificates in this case, which afford no such evidence. See *Matter of Title & Mortgage Guaranty Co., supra,* 355; *Matter of People (Union Guarantee & Mortgage Co.), supra,* 345.

But so far as the New York cases, without evidence of the actual intent of the parties, subordinate the guarantor on grounds of "presumed intention," or "the existence of special equities," or the "natural equities" involved, *Title Guarantee & Trust Co.* v. *Mortgage Commission,* 273 N. Y. 415, 426, 7 N. E. 2d 841; *Matter of Title & Mortgage Guaranty Co., supra,* 355; *Pink* v. *Thomas, supra,* 12; *Matter of People (Union Guarantee & Mortgage Co.), supra,* 343; *Matter of Lawyers' Title & Guaranty Co.,* 287 N. Y. 264, 272, 39 N. E. 2d 233, we are unable to say that the rule laid down is other than one of state law governing the relative rights of claimants in a state liquidation. Nothing decided in *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, requires a court of bankruptcy to apply such a local rule governing the liquidation of insolvent estates. The bankruptcy act prescribes its own criteria for distribution to creditors. In the interpretation and application of federal statutes, federal not local law applies. See *Awotin* v. *Atlas Exchange Bank,* 295 U. S. 209; *Chesapeake & Ohio Ry.* v. *Martin,* 283 U. S. 209, 212–213; *Board of Comm'rs* v. *United States,* 308 U. S. 343, 349–350; *Deitrick* v. *Greaney,* 309 U. S. 190, 200; *Royal Indemnity Co.* v. *United States,* 313 U. S. 289, 296. The court of bankruptcy is a court of equity to which the judicial administration of the bankrupt's estate is committed, *Securities & Exchange Commission* v. *U. S. Realty Co.,* 310 U. S. 434, 455–457, and it is for that court—not without appropriate regard for rights acquired under rules of state law—to define and apply federal law in determining the extent to which the inequitable conduct of a claimant in acquiring or asserting his claim in bankruptcy requires its subordination to other claims which, in other respects, are of the same class. Cf *Taylor* v. *Standard Gas Co., supra; Pepper* v. *Litton, supra.*

But the question remains whether there is any equity arising from the Prudence Company's failure to perform

its contract of guaranty which a bankruptcy court should recognize as requiring the subordination of the company's interest in the mortgage to the claims of the other mortgage creditors. It is a familiar equity rule, applied by the federal courts in liquidation proceedings under federal statutes, that a solvent guarantor or surety of an insolvent's obligation will not be permitted, either by taking indemnity from his principal or by virtue of his right of subrogation, to compete with other creditors payment of whose claims he has undertaken to assure, until they are paid in full. If the surety were allowed to prove his own claim before the creditor is paid, he would to that extent diminish the creditor's dividends upon his claim, and thus defeat the purpose for which he had given the indemnity. *United States* v. *National Surety Co.,* 254 U. S. 73, 76; *Jenkins* v. *National Surety Co.,* 277 U. S. 258; *American Surety Co.* v. *Electric Co.,* 296 U. S. 133; *Peoples* v. *Peoples Bros.,* 254 F. 489; *U. S. Fidelity & Guaranty Co.* v. *Union Bank & Trust Co.,* 228 F. 448, 455. For like reasons equity requires the surety who holds security of the insolvent principal to give the benefit of it to the creditor for whom he is surety until the debt is paid. *Keller* v. *Ashford,* 133 U. S. 610; see *Chamberlain* v. *St. Paul & Sioux City R. Co.,* 92 U. S. 299, 306; *Hampton* v. *Phipps,* 108 U. S. 260, 263; 4 Pomeroy, Equity Jurisprudence (5th ed.) § 1419.

But we think the equitable basis for requiring the surety or guarantor to postpone the assertion of rights which he derives from or are incidental to his suretyship, to the rights of creditors whom he has undertaken to secure, is wanting here. The rights asserted by Prudence Company in the mortgage are not those of a subrogee; they were acquired independently of its guaranty. They are not derived from or an incident to it. Their assertion is in no way inconsistent with any duty or obligation it assumed by its contract of guaranty. By that

contract the guarantor pledged only its personal obligation for the payment of the certificates. It gave to the certificate holders no lien upon, or other priority right in, its interest in the mortgage more than to its other assets.

Postponement of its rights in the mortgage to those of the other certificate holders is not justifiable as operating to avoid circuity of action. The Prudence Company is not solvent. Its property is being liquidated in bankruptcy, where all the claimants on its present and other guaranty obligations are entitled to share equally in its unpledged assets. Denial of the right to prove its claim, which is an asset in which all of Prudence's creditors are otherwise entitled to share, will serve only to divert this asset from all creditors to one class of creditors, the Zo-Gale certificate holders, and thus give to them the exclusive benefit of a security for which they have not bargained. Allowance of the Prudence Company's claim does not involve any breach of its duty as guarantor. Nor does it deprive certificate holders of their right to share in this asset *pari passu* with the other creditors, or of any right, legal or equitable, to which they are entitled by virtue of their position as guaranteed creditors. See *Hampton* v. *Phipps, supra; Prairie State Bank* v. *United States,* 164 U. S. 227; *Henningsen* v. *U. S. Fidelity & Guaranty Co.,* 208 U. S. 404.

Since the New York rule, in the absence of an actual agreement to subordinate the guarantor, is merely a general rule of law governing insolvency proceedings, it is not controlling in bankruptcy. And since in the circumstances of the present case we find no agreement and no equitable basis for depriving the Prudence Company and its creditors of the benefits of the usual bankruptcy rule of equality, the judgment below must be

*Reversed.*