In the Matter of the BANK OF WESTCHESTER, as Trustee for Holders of Mortgage Certificates Issued by the First National Bank and Trust Company of Port Chester, Series "A," "F," "G," "I," "N" and "O," Respondent. FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant; JOHN W. DAVIDSON et al., as Certificate Holders, Respondents.— In a proceeding by a substitute trustee, as trustee for holders of mortgage certificates issued by the First National Bank and Trust Company of Port Chester, in certain series, for the judicial settlement of its accounts, and for other relief, Federal Deposit Insurance Corporation appeals from so much of a judgment entered therein as (1) overruled the objections of appellant to the account of the substitute trustee, and (2) in the settlement of such account decreed that the accounting trustee first pay the holders of mortgage certificates, other than appellant, the full amount of principal and interest thereon before any distribution of principal and interest shall be made on account of such certificates held by appellant, and (3) rendered the certificates held by appellant subordinate and inferior to other certificates of the same series. Judgment modified on the law by eliminating therefrom all provisions which purport to, or have the effect of, subordinating the certificates held by appellant to the certificates held by respondents and others similarly situated, and by inserting therein provisions adjudging that appellant is entitled to participate equally and pro rata with respondent certificate holders, and others similarly situated, in the distribution of principal and interest on account of such certificates, and providing that the certificates held by appellant are on a parity with such other certificates of the same series and entitled to be paid accordingly. As thus modified the judgment, insofar as appealed from, is unanimously affirmed, with costs to appellant, payable out of the fund. Conclusions of law inconsistent with this determination are disapproved and new conclusions of law in conformity herewith will be made. We are dealing here with unguaranteed mortgage certificates issued by the bank, which did not stand in any debtor-creditor relation to respondent certificate holders and others similarly situated, and the case is governed by *Title G. & T. Co.* v. *Mortgage Comm.* (273 N. Y. 415). There is nothing in the certificates to take this case out of the rule applied in that decision. The rule in cases of guaranteed mortgage certificates, wherein certificates held by the guarantor corporation have been subordinated, such as *Ferris* v. *Prudence Realization Corp.* (292 N. Y. 210, affd. *sub nom. Prudence Corp.* v. *Ferris*, 323 U. S. 650), is not applicable here. The certificates now held by appellant, under the circumstances, would have been entitled to parity in payment of principal and interest with other certificates if they had continued to be held by the issuing bank. The appellant, as purchaser of said certificates from the bank, stands, at least, in as good a position as the bank would have been. This conclusion makes it unnecessary to decide the point raised by appellant that, as a purchaser, it would be entitled to such equality in payment even though the bank were not so entitled. (See *Matter of Lawyers Title & Guaranty Co.*, 287 N. Y. 264, 272.) Settle order on notice. Present — Lewis, P. J., Carswell, Johnston, Adel and Aldrich, JJ.

In the Matter of the Accounting of ETHEL L. HADFIELD, as Administratrix C. T. A. of the Estate of MURRAY HADFIELD, Deceased, Appellant. LEON M. SHOR, Respondent.— In a proceeding to settle the account of an administratrix *c. t. a.*, resettled order of the Nassau County Surrogate's Court dated November 15, 1945, directing payment of respondent's claim against decedent's estate, affirmed, with $10 costs and disbursements. No opinion. Appeal from order dated October 17, 1945, dismissed, without costs. Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.