**In re McNARY et al.**

United States District Court
N. D. New York.
March 30, 1949.

Morton M. Z. Lynn, of Albany, N. Y., for Judgment Creditor Employers Mut. Liability Ins. Co. of Wisconsin.

Frank Pedlow, of Albany, N. Y., for Mary McNary and Bernard S. Nattell.

FOLEY, District Judge.

The order to show cause herein was directed to Pants Shop, Inc., Bernard S. Nattell, and Mary McNary. The attorney, Mr. Frank Pedlow, who apparently appears for these parties, properly objected to the jurisdiction of the court over Pants Shop, Inc. and Bernard Nattell. The objection is sustained because such corporation and person are not properly within the jurisdiction of the court in this involuntary bankruptcy proceeding.

The petitioning creditor, Employers Mutual Liability Insurance Company of Wisconsin, is a creditor armed with an execution based upon a completed judgment against the said Mary McNary in the sum of $1,814.30. The execution has been stayed. Prior to adjudication of Mary McNary as a bankrupt this creditor seeks the appointment of a receiver of the property of said Mary McNary, and also authorization to such receiver to commence an action against the Pants Shop, Inc., and/or Bernard Nattell, to set aside an alleged fraudulent transfer to or through them of the business of Mary McNary. The primary intent of such receivership is to speedily institute such action without much regard in the receivership to other property of Mary McNary, the alleged bankrupt. This drastic appointment of such receiver is requested by the judgment creditor in the fear that the assets of such business will be dissipated in the time interval necessary for hearings in the matter. The judgment

creditor argues that the time for final determination may be far distant, and such time may be prolonged by the position of Mary McNary who will apparently contest the issues of whether she is or was a partner in fact in McNary Builders, and whether or not she should be adjudicated individually a bankrupt.

The fear of the petitioning creditor as to alleged fraudulency and dissipation of assets is not groundless. There was submitted and accepted by this court over objection of her attorney a transcript of testimony by Bernard Nattell in proceedings supplementary in the judgment of Employers Mutual Liability Insurance Company against Mary McNary. I received this transcript because fundamentally bankruptcy proceedings are equitable in nature and the conscience of the court should be fully informed. See Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Prudence Realization Corporation v. Geist, Trustee, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293. This testimony by the son of Mary McNary evidences a violation of section 44 of the Personal Property law of the State of New York. The transfer is surrounded with suspicion.

However, practical factors must be considered in the problem presented. The examination of Mary McNary as an alleged partner and alleged bankrupt is scheduled to commence March 31, 1949. She is entitled to her "day in court." The remedy of receivership before adjudication should not be too readily invoked. In re Oakland Lumber Co., 2 Cir., 174 F. 634. For this reason the application in my opinion is premature and should await the completion of her testimony before the referee. Such examination and hearing may also disclose to the interested parties whether or not an unreasonable amount of time may elapse before the final determination as to whether or not she is a bankrupt. The problem of the creditors as to receivership may dissolve when the hearings are completed.

For the reasons outlined here, the motion of the petitioning creditor is denied without prejudice to renewal by such creditor, or other creditors, as they be so advised. It would also seem that in the event of further application there should be more detailed and factual statements in the moving papers concerning the business and stock involved, its present status, the possible dissipation of such assets, and the number of creditors and amounts due at the time of the alleged fraudulent transfer. Much of this information may possibly be obtained upon hearing before the referee (designated, I believe, as special master in this particular proceeding.) An order may be submitted and entered in accordance herewith.