**In re 1934 REALTY CORPORATION.**

**HURD COMMITTEE et al. v. PRUDENCE REALIZATION CORPORATION.**

No. 349.

Circuit Court of Appeals, Second Circuit.

June 4, 1945.

Writ of Certiorari Denied Oct. 8, 1945.

See 66 S.Ct. 43.

---

478

Delafield, Marsh, Porter & Hope, of New York City (Eugene Blanc, Jr., of New York City, of counsel), for appellants.

Irving L. Schanzer, of New York City, for appellee.

Roger S. Foster, Milton V. Freeman, and George Zolotar, all of Philadelphia,

Pa. (Kiva Berke, of New York City, of of counsel), for Securities and Exchange Commission.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. Appellee urges that the motion of April 17, 1944, proposed specific changes and modifications in the plan, and that we cannot say, on appeal from the order of June 27, 1944, denying that motion, that the court below abused its discretion in refusing to adopt those specific changes. However, as that motion contained a prayer for general relief, we think the question of the subordination of the certificates held by the guarantor is properly before us on the appeal from the order denying that motion.

2. The Hurd Committee argues that the doctrine of Prudence Realization Corporation v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293 (which over-ruled our decision reported in 2 Cir., 122 F.2d 503) is no longer applicable to the question of subordination of guaranteed certificates held by the guarantor where the guaranty contract was made in New York. The argument runs as follows: In the Geist case, the Supreme Court treated the previous New York decisions as laying down a state rule of insolvency distribution and, solely on that ground, refused to apply those decisions in bankruptcy; since the Geist decision, the New York Court of Appeals, in its opinion in Ferris v. Prudence Realization Corporation, 292 N.Y. 210, 54 N.E.2d 367, has stated that its subordination doctrine is not one dealing with distribution in insolvency but is founded on the interpretation of guaranty contracts of this character; consequently, the rationale of the Geist case has vanished and the New York doctrine must be applied in bankruptcy to a New York contract. That contention we shall not consider for the following reasons: In Prudence Realization Corporation v. Ferris, 323 U.S. 650, 65 S.Ct. 539, 541, the majority of the Court, in affirming the decision of the New York Court of Appeals in the Ferris case, did not rest its decision on the suggested ground, but solely on this ground: There the bankruptcy court "neither considered the question of parity nor retained jurisdiction to consider it," but left it to be determined by any "court of competent jurisdiction," including the New York courts "without restriction by the federal adjudication"; and, accordingly, "it was for the New York Court of Appeals to define the governing New York law." There is thus some reason to believe that, had the very question which arose in the Geist case been again presented to the Supreme Court after the New York Ferris decision, in a case coming up from the bankruptcy court, the Supreme Court would have adhered to the Geist doctrine notwithstanding the intervening New York Ferris decision.[2]

■ However, assuming that the Geist doctrine is unimpaired nevertheless we think appellee must lose. For, making that assumption, we take as our guide the concurring opinion of Chief Justice Stone in the Ferris case. Regarding the Geist doctrine as still possessed of full vitality, he held it inapplicable to the facts of the Ferris case because, on those facts, unlike those in the Geist case, parity treatment of the certificates held by the guarantor was inequitable, and subordination equitable. The facts here, for all practical purposes, are the same as those in the Ferris case. Following Chief Justice Stone's opinion, we therefore hold that subordination here was required.[3]

■ 3. The appeal from the order of January 19, 1944, was not timely and must be dismissed. We need not consider the questions raised by appellee with respect to the other two appeals as those appeals seek the relief which we grant on the appeal from the order of June 27, 1944.

Order of June 27, 1944 reversed. Appeal from order of January 19, 1944, dismissed.

---

[2] Cf. Geist v. Prudence Realization Corporation, 2 Cir., 122 F.2d 503, 507, 509, 510.

[3] As the consents necessary for the adoption of the plan were apparently sufficient without including those of appellee, we do not have before us the question whether, had those consents been necessary, the plan would again have to be submitted.