### In re ESPADE REALTY CORPORATION.
#### No. 45024.

District Court, E. D. New York.
June 24, 1946.

684

See also 57 F.Supp. 596.

Halpin, Keogh & St. John, of New York City (Edward S. St. John, of New York City, of counsel), for trustees.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

George Zolotar, of New York City (Kiva Berke, of New York City, of counsel), for Securities and Exchange Commission.

Newman & Bisco, of New York City (Perry A. Hull, of New York City, of counsel), for Manufacturers Trust Co., Depositary, and parties in armed service.

Herman Gottlieb, of New York City (Paul Goldstein, of New York City, of counsel), for certificate holders.

Delafield, Marsh, Porter & Hope, of New York City (Eugene Blanc, Jr., of New York City, of counsel), for City Bank Farmers Trust Co.

MOSCOWITZ, District Judge.

Preparatory to distribution of the proceeds of this estate, the Trustees applied for an order subordinating the claims of Prudence Realization Corporation to the extent of $189,713.97 to those of all other certificate holders. Prudence Realization Corporation has consented to the granting of such an order but has raised the question of the amount due to certificate holders to which its claims should be subordinated.

At the time this Chapter X proceeding was instituted, the debtor was the owner of an apartment building at Mt. Vernon, New York, subject to a certificated first mortgage then and now in the unpaid principal sum of $577,500, bearing interest at six per cent. A mortgage in a larger amount had been acquired by Prudence Bonds Corporation in November, 1927, but an agreement in 1931 recited that the ownership of Prudence Bonds Corporation and its depositary should thereafter be a senior interest of $577,500. In this senior interest certificates were issued to the public to the extent of $569,800, each certificate reading in so far as pertinent:

"Prudence Bonds Corporation * * * has received from (John Jones), hereinafter called the 'registered owner' (one thousand dollars) for the purchase of, and hereby assigns to the registered owner, an undivided share or part equal to that amount and due on (October 1, 1932) with interest at the rate of five and one-half per centum per annum, payable semi-annually on the first days of April and October * * * in the bond * * * and in the mortgage securing the same .* * * ".

The uncertificated portion of the senior interest in the amount of $7,700 was subsequently assigned by Prudence Bonds Corporation to The Prudence Company, Inc. and is now held by Prudence Realization Corporation. The Securities Exchange Commission and all but one group of certificate holders have conceded that, under the recent decisions, Prudence Realization Corporation is entitled to parity with the other certificate holders to the extent of this holding. Prudence Realization Corporation v. Geist, 1942, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293; Prudence Realization Corporation v. Ferris, 1945, 323 U.S. 650, 65 S.Ct. 539, 89 L.Ed. 528; In Re 1934 Realty Corp., 2 Cir., 1945, 150 F.2d 477. Since the Court has been informed by the attorneys for the Trustees and for Prudence Realization Corporation that the estate is sufficient to pay all public certificate holders in full even if Prudence is to be granted parity as to the uncertificated holding, the question is academic and need not be passed upon here.

The payment of interest at maturity and of the principal within eighteen months thereafter were guaranteed by The Prudence Company, Inc., said guarantee being referred to in the certificates issued · by Prudence Bonds Corporation and stated to be in the possession of the depositary. The Prudence Company, Inc., did not fulfill its obligation upon the default of the debtor, nor within eighteen months thereafter. The only payments made to date to public certificate holders by Prudence on its guarantee were dividends amounting to $5,896.09. Pursuant to its guarantee, however, Prudence has reacquired by purchase from the public the $189,713.97 worth of certificates which are to be subordinated herein. Prudence has managed the property as assignee of rents for some time and has made distributions as interest on all certificates, including those which are to be subordinated; a sum equal to such interest, approximating $44,000, should be turned over to the Trustees herein.

It is not disputed that Prudence has no right of subrogation until the public certificate holders have been paid in full and has an interest in the proceeds of this estate only after such payment is made. It is the contention of Prudence that the certificate holders are entitled to the unpaid principal with interest at the rate of five and a half percent as provided in the certificates. The certificate holders claim

that they have a right to interest after maturity at the legal rate of six percent as damages.

■ This issue is the same as that recently passed upon by this Court in the Matter of Realty Associates Securities Corporation, 66 F.Supp. 416, and reference is made to that opinion. It was there held that where the parties have not provided in their contract for a rate of interest which is to govern after maturity, no intendment that the contract rate is to continue is to be presumed and the legal rate is to be applied as damages.

■■ The claims of the certificate holders to the proceeds of this estate in the hands of the Trustees are those of tenants in common of the mortgage against the debtor's property, that being the interest acquired by certificate holders on assignment to them of undivided shares in a specific mortgage. In re The Westover, Inc., 2 Cir., 1936, 82 F.2d 177. There was no promise of payment except by reference to the terms of the mortgage itself. Thus, the certificate holders are entitled as such tenants in common to distribution of principal and interest thereon at five and a half percent until the maturity of the mortgage on October 1, 1932, as limited by their certificates and interest thereafter at six percent, either as damages for the delayed payment or as provided in the mortgage which they owned. Had payment been made by Prudence within the time allotted in its guarantee, perhaps the certificate holders would have been limited to the recovery of five and a half percent but the certificates do not provide for the continuance of the contract rate beyond maturity and the default of Prudence within the eighteen-month period relates back to the maturity of the mortgage.

■ The argument of Prudence that in any event the interest on these certificates should run only until the sale of the property in this proceeding, at which time cash came into the hands of the Trustees, is untenable. Interest is payable on the amount represented by the certificates until it is satisfied. This proceeding has not been unduly delayed.

■■ Receipt by the certificate holders of the entire principal and interest from any source will constitute payment in full, which is all to which they are entitled. When any further sums are forthcoming from the debtor, a guarantor which has made any contribution to the full payment of the creditors it to that extent subrogated to the rights of the creditors and may be reimbursed from the debtor. Thus, the payment of $5,896.09 heretofore made by the Prudence Company, Inc., if now retained by the certificate holders, would be in excess of the principal and interest at six per cent which they may rightfully receive. Prudence is entitled as subrogee to recover such sum and it may be allowed in the distribution herein.

The provisions of the Prudence plan are not in conflict with this determination. It is there merely provided that a creditor who is paid a dividend from Prudence after he has already received one hundred per cent of the sum to which he was entitled under his certificate is not required to return the excess but nothing in the plan confers upon him the right to a payment before it has been made where it will result in an excess.

■ Prudence makes objection that the award of six percent interest to the certificate holders denies to it the servicing allowance provided for in the certificates by which there is conferred upon it certain agency rights and the obligation to account to certificate holders for principal and interest at only five percent, the balance to be retained by it. It has been settled that these agency rights were lost when it defaulted on its guarantee. In re The Westover, supra, and cases cited. Until that time it had been paid; thereafter its services may be deemed to have been in its own interest to preserve the value of that which it had guaranteed against a deficiency. Prudence Realization Corporation has taken the position that it will seek no allowance in this proceeding for its services. Therefore, the funds held in the special agency account reserved as a servicing fee should be turned over to the Trustees, as provided in the plan of reorganization herein.

The plan also provided that Prudence Realization Corporation would pay to the Trustees the funds it had on hand in the assignee of rents account. The order may so provide.

Settle order on notice.