**NATIONAL TELEPHONE COMPANY, INC. and National Telecommunications Systems, Inc.**

v.

**Gregory O'BRIEN et al.**

**No. Bky H–75–665.**

United States District Court,
D. Connecticut.

March 16, 1978.

Robert L. Krechevsky, Hartford, Conn., Gilbert C. Earl, New Haven, Conn., for the Trustee.

Thelma Santos, Donald Lee Rome, Sanford Rosenberg, Rosenberg, Rome & Barnett, Hartford, Conn., for the Banks.

Dwight Owen Schweitzer, Schweitzer, Hare & MacDonnell, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS ADVERSARY PROCEEDING

CLARIE, Chief Judge.

This controversy arises from the pending bankruptcy litigation concerning National Telephone Company, Inc. and its wholly-owned subsidiary, National Telecommunications Systems, Inc. (hereinafter "the debtors"). A stockholders' committee claiming to represent approximately 62% of the issued and outstanding stock of the debtor corporations has brought a complaint seeking equitable subordination of the claims of the defendant banks. The defendants, the five banks and the Trustee in Bankruptcy, have moved to dismiss the aforesaid complaint on the ground that said plaintiffs cannot maintain an action against the Trustee without prior petition to and approval of the court. Said defendants further claim that the complaint fails to state a claim which is properly the subject of adversary proceedings, pursuant to Bankruptcy Rule 701. The court finds that the complaint is not cognizable in the context of an adversary proceeding, and the complaint is accordingly dismissed. The plaintiffs may obtain the relief they seek by moving in this forum for such relief in the hearing on a plan of reorganization, which began in this court on March 1, 1978, and has been continued until March 15, 1978.

### Facts

The plaintiffs are a group of shareholders of the debtors who control approximately 62% of the outstanding shares of the two corporations. The defendants are five banks who have filed claims as secured creditors against the debtors. The Trustee in Bankruptcy has been made a nominal defendant. The plaintiffs charge that the defendant banks took over effective financial control of the bankrupt debtors, and in effect managed the two companies. By assuming this responsibility, the plaintiffs charge, the banks owed a fiduciary obligation to operate the debtor corporations in the interest of the stockholders. However, it is alleged, the banks breached this fiduciary responsibility in that they took several actions which benefited the banks to the detriment of the debtors. As a consequence of this breach, the plaintiffs seek the following relief from this court: (1) an order directing that the banks' lien position is no higher than that of any other general creditor of the debtors; (2) an order making the plaintiffs "defrauded stockholders," thereby elevating them to the position of general creditors; and (3) an order decreeing equitable subordination of the banks' claims, so that the lien priority of the banks will be no greater than that of the shareholders of the two corporations.

### Discussion of the Law

[1] Rule 701 of the Bankruptcy Rules provides an exclusive list of the seven types of relief which may be obtained in an adversary proceeding. When a party seeks relief which is not included in Rule 701, the matter cannot be raised in an adversary proceeding. 13 *Collier on Bankruptcy*, § 703.06, at 7–47. Rule 701 provides:

"The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to (1) recover money or property, other than a proceeding under Rule 220 or Rule 604, (2) determine the validity, priority, or extent of a lien or other interest in property, (3) sell property free of a lien or other interest for which the holder can be compelled to take a money satisfaction, (4) object to or revoke a discharge, (5) obtain an injunction, (6) obtain relief from a stay as provided in Rule 401 or 601, or (7) determine the

dischargeability of a debt. Such a proceeding shall be known as an adversary proceeding."

The plaintiffs' second and third prayers for relief, which seek orders declaring the plaintiffs "defrauded stockholders" and decreeing equitable subordination of the banks' claims, clearly do not come within the Rule. In essence, the relief sought is a reduction of the amount of the banks' claim against the debtors. The Advisory Committee's Note on Rule 701 states: "[P]roceedings initiated by the filing of an objection to defeat or reduce a claim rather than to seek an affirmative money judgment or recovery of property . . . are not subject to the rules in Part VII."

The plaintiffs' first prayer for relief—the request that the banks' security interest be invalidated—comes within the purview of subsection (2) of Rule 701 relating to the priority of a lien. However, the plaintiffs are not the proper parties to seek this relief. Whether the banks' status as secured creditors is preserved is of no financial interest to the present plaintiffs, who are stockholders of the debtors. If the banks' security interest is invalidated, the priority of the banks will be demoted to that of a general creditor. However, both secured and general creditors have higher priority than stockholders. Thus, invalidating the banks' security interests could not benefit the stockholder plaintiffs. Consequently, they lack standing to seek an order invalidating the security interests of the banks.

There is no doubt that this court has the authority to subordinate the banks' claims if it is determined that the banks' conduct in acquiring the claims was contrary to equitable principles. See, e. g., *Prudence Corp. v. Geist*, 316 U.S. 89, 93, 62 S.Ct. 978, 86 L.Ed. 1293 (1942). However, an adversary proceeding is not the appropriate proceeding in which to obtain that relief. Rather, the plaintiffs' claims should be advanced in the hearing on a plan of reorganization, which hearing was begun on March 1, 1978, and has been continued until March 15, 1978. Section 197 of the Bankruptcy Act and Rule 10–302(a) expressly provide that questions involving the classification of creditors and stockholders may be resolved in the hearing on a plan of reorganization. Thus, the Advisory Committee's Note on Rule 10–302(a) concludes that a separate hearing on classification is unnecessary inasmuch as "the matter may be determined at the hearing on approval [of the plan]." Since the real purpose of the present adversary proceeding is classification, the more orderly and efficient procedure would be to determine the issues at the hearing which is already pending in this court, rather than to permit the institution of a separate adversary proceeding. Pursuing the latter alternative could only delay the hearing on the plan; moreover, there is no prejudice to the plaintiffs since their claims can be litigated fully in the hearing on the plan. While the plaintiffs have no standing to bring an adversary proceeding, they still have a forum in which to present their claims. The court, upon motion of the parties and for good cause shown, will render appropriate orders for discovery, including a request to the Securities and Exchange Commission that it release materials contained in its files which would be relevant to the issues raised before this court and would not impede its investigation.

Accordingly, the motion to dismiss the adversary proceeding is granted.

SO ORDERED.